IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
FEB 20 2018
PER ___
DEPUTY CLERK

GEORGE A. STROLL,
   Petitioner

  v.

WARDEN LAMOS,
   Respondent

CIVIL NO. 3:CV-16-127

(Judge Conaboy)

## MEMORANDUM
### Background

This is the fourth <u>pro se</u> action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 initiated with this Court by George A. Stroll an inmate presently confined at the Rockview State Correctional Institution Bellefonte, Pennsylvania. Service of the petition was previously ordered

Following a jury trial in the Dauphin County Court of Common Pleas, the Petitioner was convicted of first degree murder and criminal conspiracy.[1] He was sentenced to a term of life imprisonment. Petitioner filed an unsuccessful direct appeal to the Pennsylvania Superior Court. See <u>Commonwealth v. Stroll</u>, 671 A.2d 773 (Pa. Super 1995)(Table). A petition for allowance of

---

[1] On January 13, 1994, the Petitioner and his brother, Gregory Stroll, beat their landlord to death with a baseball bat in a dispute about rent.

1

appeal to the Pennsylvania Supreme Court was denied. See Commonwealth v. Stroll, 682 A.2d 309 (Pa. 1996)(Table).

Stroll then sought relief pursuant to a petition under Pennsylvania's Post Conviction Relief Act (PCRA). The Court of Common Pleas denied relief. The Superior Court affirmed the denial of the PCRA petition. See Commonwealth v. Stroll, 742 A.2d 212 (Pa. Super. 1999)(Table). The Pennsylvania Supreme Court denied the Petitioner's petition for allowance of appeal. See Commonwealth v. Stroll, 747 A.2d 368 (Pa. 1999)(Table).

In his first § 2254 action before this Court, Stroll v. Johnson, et al., Civil No. 3:00-CV-1959, Petitioner asserted the following claims for federal habeas corpus relief: (A) trial counsel was ineffective for neglecting to ascertain whether a recording of his confession coincided with a typewritten statement and failing to seek a mistrial and/or the removal of a juror who possessed and read a newspaper in the jury room which contained an article pertaining to his case, and ask for a jury instruction regarding the voluntariness of Petitioner's statement; (B) his conviction was obtained through a coerced confession; (C) the Commonwealth failed to disclose favorable evidence; (D) Police Detective Pickles gave perjured testimony; (E) denial of the opportunity to enter a guilty plea; (F) the trial court erroneously instructed the jury; (G) a juror who overheard a conversation between the defense counsel and Petitioner's family was not

2

removed; (H) an erroneous accomplice liability instruction was given to the jury regarding the conspiracy charge; (I) the trial court erred by permitting statements by the Petitioner and his brother [co-defendant] to be read into evidence; (J) the evidence was insufficient to support a finding of first degree murder; (K) the Commonwealth's medical expert was improperly permitted to draw and display in red ink the location of the blows to a sketch of the victim; (K-2) a photograph of the blood stained clothing and shoes worn by the Petitioner was improperly admitted into evidence; (L) the trial court erred by refusing to provide an involuntary manslaughter jury instruction; (M) an involuntary guilty plea by co-defendant Gregory Stroll deprived Petitioner of the ability to enter a guilty plea to a lesser offense; and (N) trial counsel neglected to object to the terms of a joint plea agreement which would have impermissibly coupled guilty pleas by the co-defendants.

By Memorandum and Order dated December 4, 2004, it was determined that several of Petitioner's claims (claims A-H) were procedurally defaulted and subject to dismissal. It was also concluded that claims I-N were fully exhausted in state court and not subject to dismissal. Thereafter, Petitioner's request to voluntarily dismiss his remaining claims was granted on February 26, 2004 and the Clerk of Court was directed to close the case.

On May 10, 2004, Petitioner filed a second pro se § 2254 habeas corpus petition with this Court. See Stroll v. Johnson,

3:04-CV-1028. Stroll's second petition set forth the following three claims: (1) the trial court violated the Confrontation Clause by overruling an objection to the admittance of two mutually accusatory extrajudicial hearsay statements read to the jury; (2) the evidence was insufficient to support the jury's finding of guilt; and (3) the trial court erred by refusing to grant Petitioner's request for an involuntary manslaughter jury instruction. By Memorandum and Order dated October 7, 2005, the merits of Petitioner's three claims were addressed and his petition was denied.

Petitioner filed a third pro se § 2254 action with this Court on May 8, 2014. See Stroll v. Glunt, 3:14-CV-884. Petitioner sought relief with respect to Claim H (an erroneous accomplice liability instruction was given to the jury) from Stroll, Civil No. 3:00-CV-1959, which was dismissed as being procedurally defaulted. On July 14, 2014, this action was construed as an application for leave to file a second or successive habeas corpus petition and transferred to the United States Court of Appeals for the Third Circuit.

Petitioner's pending action similarly seeks relief on the grounds that his trial counsel was ineffective for failing to object to the court's allegedly erroneous accomplice jury instruction. See Doc. 1, ¶ 12. Stroll indicates that exhaustion should be excused under Martinez v. Ryan, 132 S. Ct. 1309 (2012)

4

because PCRA counsel was ineffective for failing to raise this argument.[2]

## Discussion

As previously discussed by this Court in addressing Petitioner's third § 2254 action, 28 U.S.C. § 2244(a) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2254 habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention). Rule 9(b) of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).

Section 2244(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the

---

[2] Martinez which held that ineffective assistance of counsel in a PCRA proceeding could constitute cause for a procedural default. The Martinez finding was limited to situations where PCRA counsel failed to raise issues of ineffective assistance by trial counsel and thereby procedurally defaulted the claim for purposes of federal habeas corpus review. See Boyd v. Bozum, 2012 WL 3595301 *2 (W.D. Pa. Aug. 21, 2012).

> applicant shall move in the appropriate court of
> appeals for an order authorizing the district court to
> consider the application.

Since all of the claims raised in Stroll's second § 2254 action were addressed and denied on their merits, the pending matter is clearly a second or successive petition.

By decision dated February 3, 2014, the United States Court of Appeals for the Third Circuit denied a request by Stroll for leave to file a second or successive petition as unnecessary because the dismissal of his **only** [emphasis added] previous habeas petition action was dismissed without prejudice. Based upon the wording of the February 3, 2014 decision, it appears that Petitioner also failed to acknowledge the filing and disposition of Stroll, 3:04-CV-1028 in that application with the Court of Appeals.

Stroll filed three prior § 2254 actions with this Court regarding the same Dauphin County conviction which is the subject of his pending action. As previously noted, all of the claims raised in Stroll's second § 2254 action were addressed and denied on their merits. A review of the record from Petitioner's latest action reveals no indication that Stroll has been granted leave by the Third Circuit Court of Appeals to file a second or successive habeas corpus petition.

Given those circumstances and the liberal treatment afforded to pro se litigants, Stroll's pending habeas corpus action

will be construed as an application for leave to file a second or successive habeas corpus petition. The Clerk of Court will be directed to transfer this action to the United States Court of Appeals for the Third Circuit. An appropriate Order will enter.[3]

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 16th, 2018

---

[3] If Petitioner can show that he has been granted leave by the Court of Appeals to file a second or successive § 2254 action he may file a motion for reconsideration within fourteen (14) days of this decision.